**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-50549
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO ELOY PENA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2997-ALL

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sergio Eloy Pena was convicted by a jury of importation of 50 kilograms or more of marijuana and of possession of 50 kilograms or more of marijuana with intent to distribute. Pena was sentenced at the bottom of the guidelines imprisonment range to concurrent 41-month terms of imprisonment and to concurrent three-year periods of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pena contends that the district court erred in overruling his objection to the failure of the Government to timely disclose to the defense a border crossing report. Pena complains that the Government failed to comply with FED. R. CRIM. P. 16(a)(1)(E) and with the district court's discovery order. Pena argues that the defense was surprised by the late disclosure and was hampered in preparing its litigation strategy, which involved a duress defense. Pena also argues that he was substantially prejudiced because the discovery violation affected his ability to make an informed decision about whether to plead guilty or to go to trial.

Unlike *United States v. Pascual*, 606 F.2d 561, 565-66 (5th Cir. 1979), cited by Pena, the document was disclosed to the defense prior to the trial. Pena does not contend and the record does not indicate that the Government's failure to timely produce the document was the result of contumacious conduct or an untenable legal position. The Government argued to the jury that Pena's prior border crossings showed that Pena was trying to deceive the inspectors at the port of entry and that Pena was dishonest. Although the evidence was damaging to the defense, it did not go directly to the duress defense. The jury could have accepted Pena's duress defense, notwithstanding the evidence of the prior border crossings. For the same reason, prior knowledge of the border crossing report would not necessarily have persuaded Pena that it would be prudent to plead guilty. Pena has not shown that the Government's noncompliance with Rule 16(a)(1)(E) affected his substantial rights. *See United States v. Holmes*, 406 F.3d 337, 357 (5th Cir. 2005).

Pena contends that the sentence was substantively unreasonable. Pena argues that he has no prior criminal history and that he has been gainfully employed as an electrician and as a truck driver. He contends that a man for whom he had done electrical work asked him to drive a load of marijuana across the border and threatened to kidnap his daughter when he refused. Pena contends that his motivation to protect his daughter mitigates the seriousness of his offense. These arguments are not sufficient to rebut the presumption of

reasonableness accorded to the district court's within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). The record reflects that the district court was persuaded by Pena's arguments at sentencing and adjusted the sentence accordingly by awarding a two-level minor role adjustment. The district court did not abuse its discretion in sentencing Pena. *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

Pena contends that the district court erred in determining the guidelines sentence by failing to grant a downward departure, pursuant to U.S.S.G. § 5K2.12, p.s., based on the facts underlying his duress defense. This court lacks jurisdiction to review the denial of a downward departure request unless the district court held a mistaken belief that it lacked authority to depart. *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir.), *cert. denied*, 129 S. Ct. 116 (2008). Pena does not argue and the record does not indicate that the district court believed mistakenly that it was not authorized to grant the requested departure. *See id*. This portion of the appeal is dismissed. *See United States v. Buck*, 324 F.3d 786, 797-98 (5th Cir. 2003). The district court's judgment is AFFIRMED in part and DISMISSED in part.